EDDY P. DUNBAR & another, executors, *vs.* JENNIE T. DUNBAR.

Plymouth.    March 13, 1902. — April 3, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Devise and Legacy*, Construction.

On an appeal from a decree as to the interpretation of a will and codicil, it appeared, that the original will, after various gifts to other persons, gave to the appellant an interest in certain real estate and $5,000 in money. After other gifts, the rest and residue of the estate was given to four persons, of whom the appellant was one, in equal shares. The codicil was made four years later. It recited that by his original will the testator had given the appellant one fourth of the residue and the sum of $5,000, and, revoking this gift, gave to trustees one fifth of the residue and $5,000, to pay the income to the appellant during her life and at her death to distribute the trust property as therein provided. Then, after other changes, the testator revoked the residuary clause in his original will, which divided the residue among four persons of whom the appellant was one, and instead divided it among five persons of whom the appellant was one. The appellant contended, that she was entitled, first to a life estate in one fifth of the residue, and then to one fifth of the remaining residue outright. *Held*, that she was not so entitled ; that the provisions of the will and the two provisions of the codicil in regard to the appellant must be taken together, and so construed there was only one residue, one fifth of which was to go to trustees for the benefit of the appellant during her life.

BILL FOR INSTRUCTIONS filed in the Probate Court for the County of Plymouth March 11, 1901, by the executors under the will of Horatio Howard.

In the Probate Court *Harris*, J. made the following decree: " It is decreed that the true construction of the said clauses of said will, is, that the said testator, gave and devised to his trustees for the use and benefit of said Jennie T. Dunbar during her life, and to her issue if any living at her decease, in fee, five thousand dollars, and one fifth part of the rest and residue of his estate." Jennie T. Dunbar appealed.

The case came on to be heard upon the appeal on an agreed statement of facts before *Lathrop*, J., who reserved it for the determination of the full court.

The will was dated August 23, 1892. A codicil was dated January 2, 1896.

After eleven devises and bequests, the will contained the following:

" Twelfth. I devise and bequeath to Jennie T. Dunbar, wife of Eddy P. Dunbar, my homestead estate, containing about five acres of land, situated on Howard and Spring Streets in said West Bridgewater; together with all my household furniture, and five thousand dollars in money, provided, however, that if the said Jennie T. Dunbar leaves no living issue at her death, then the real estate conveyed by this bequest shall revert to my heirs at law."

After three more gifts, came the following:

" Sixteenth. I devise and bequeath to my brother, Charles Howard, his daughters Abigail Bartlett and Isabel Howard, and to the said Jennie T. Dunbar, all the rest and residue of my estate, both real and personal, to be equally divided among them."

The first article of the codicil was as follows:

" First. Whereas by my said will I devised and bequeathed and gave unto Jennie T. Dunbar, wife of Eddy P. Dunbar, one fourth part of the rest and residue of my estate, after the payment of the bequests specified in my said will, and the sum of five thousand dollars, now I do hereby revoke the said legacies, and do devise, give and bequeath unto my trustees hereinafter appointed one fifth part of the rest and residue of my estate and the said sum of five thousand dollars, the income of said one fifth part of the residue and said five thousand dollars to be paid to the said Jennie T. Dunbar semi-annually for her natural life;

and I direct my said trustees or their successors upon the death of the said Jennie T. Dunbar, to pay to her issue, in equal parts if there be more than one, the said sum of five thousand dollars, and the said rest and residue of my estate the share or respective shares of said issue to be paid and transferred to them when they shall respectively attain the age of twenty-one years; but if the said Jennie T. Dunbar shall die leaving no issue, then the said sum of five thousand dollars and the said rest and residue of my estate shall be paid by my said trustees or their successors to my heirs at law."

After seven other changes in the will, came the following:

" Ninth.  Whereas in my said will I devised and bequeathed to my brother, Charles Howard, his daughters, Abigail Bartlett and Isabel Howard, and to the said Jennie T. Dunbar, all the rest and residue of my estate, both real and personal; now I do hereby revoke said devise and bequest, and do hereby devise and bequeath unto the said Charles Howard, Abigail Bartlett, Isabel Howard, Jennie T. Dunbar, and E. Bradford Wilbur all the said rest and residue of my estate, both real and personal, to be equally divided among them."

The appellant contended, that " one fifth of the rest and residue of my estate," as used in the first article of the codicil, might mean either of two. things.  It might mean one fifth of all that would remain after the payment of all the legacies and devises provided for by the will and codicil, and in that case the ninth article disposed of the other four fifths; or it might mean, one fifth part of the estate that would remain after the payment of the legacies and devises provided for in the will of 1892 only, so that in administering the estate the executors would pay those legacies, then take out a fifth for the trust, then proceed to pay the legacies provided for in the codicil, and then divide among the five persons named in the ninth article all that might remain.  The appellant contended, that either construction legally was permissible, and that either would give her two legacies instead of one.

*R. O. Harris,* for the executors.

*D. L. Smith,* for Jennie T. Dunbar.

*H. B. Wilbur & D. J. Sheerin,* for Charles Howard and his daughters.

HAMMOND, J.   The original will contained various gifts.   In the twelfth clause there is a gift to the appellant Jennie T. Dunbar of an interest in certain real estate, and of some household furniture " and five thousand dollars in money."   In the sixteenth clause all the rest and residue of the estate real and personal is given to four persons, one of whom is the appellant, in equal shares.   This will is dated August 23, 1892.

. Between three and four years afterwards, the testator concluded to make some changes in the provisions of the original will, modifying some of the gifts, revoking others, and adding some new ones; and he sat down to make the codicil dated January 2, 1896.   He first considered the case of the appellant.   He saw the provisions he had made for her in the twelfth and sixteenth clauses of his will as above recited, and he proposed to change them.   In the first clause of the codicil he recites that by his original will he had given to the appellant " one fourth part of the rest and residue of my estate, after the payment of the bequests specified in my said will, and the sum of five thousand dollars," and then he revokes this gift and gives to the trustees " one fifth part of the rest and residue of my estate and the said sum of five thousand dollars," to pay the income thereof to her during her life, and at her decease to divide the trust property as therein particularly set forth.

He then proceeds with the changes in the provisions as to other persons, and at last, by the ninth clause in the codicil, he revokes the sixteenth clause in his original will, by which he had designated the appellant and three other persons to be his residuary devisees, and gives unto the said four persons and one Wilbur all the rest and residue of his estate, " both real and personal, to be divided equally among them."

The appellant contends that as the result of the will and codicil she is entitled to one fifth part absolutely and in fee of all that passes by the ninth section of the codicil, and that this section disposes only of that part of the estate which will remain after all the devises and legacies, including the one fifth mentioned in the first clause of the codicil, have been paid. .

This position is unsound.   The will and codicil are to be taken together.   The rest and residue named in the first clause of the codicil is the same as that named in the ninth clause, and

means the remainder after the specific gifts have been satisfied. Both clauses are to be considered together, and the true interpretation of the will and codicil is that the appellant is one of the five residuary devisees among whom the property is to be equally divided, but that her share is to be placed in trust as provided in the first clause of the codicil.

*Decree affirmed.*